## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 13-37895 |
| | ) | CHAPTER 7 |
| PROAMERICAN RESTORATION INC., | ) | |
| Debtor(s). | ) | JUDGE PAMELA HOLLIS |
| | ) | (Joliet) |

## NOTICE OF MOTION

To:     See Attached Service List

### TRUSTEE'S CERTIFICATE OF SERVICE FOR
### NOTICE OF TRUSTEE'S FINAL REPORT

### PROOF OF SERVICE

    I, the undersigned attorney, certify that I served a copy of this Notice and attached Motion upon the person(s) listed above by mailing the same in a properly addressed envelope, postage prepaid, and placed in a U.S. depository in Oswego, Illinois on the 1st day of June, 2017, unless a copy was served electronically which occurs automatically upon the filing of the aforesaid document with the Bankruptcy Clerk of the Court.

                                               */s/ Peter N. Metrou*
                                               **Bankruptcy Trustee**

Prepared by:
**PETER N. METROU**
Metrou & Associates, P.C.
123 W. Washington St., Ste. 216
Oswego, Illinois 60543
(630) 551-7171

SERVICE LIST

## Via First-Class Mail

American Builders & Contractor's Supply
c/o Whiteman Adams
118 N Clinton Suite 100
Chicago, IL 60661

Home Depot
Home Depot Credit Services
PO Box 790328
Saint Louis, MO 63179

Visa Signature - Southwest Rewards
USPS FCU
PO Box 672051
Dallas, TX 75267-2021

## Via ECF

Patrick S Layng
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604-2027

David P Lloyd
David P. Lloyd, Ltd.
615B S. LaGrange Rd.
LaGrange, IL 60525-6864

U.S. Bankruptcy Court
Eastern Division
219 S Dearborn
7th Floor
Chicago, IL 60604-1702

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:                                    §
                                          §
PROAMERICAN RESTORATION INC.,             §    Case No. 13-37895
                                          §
                                          §
        Debtor                            §

NOTICE OF TRUSTEE'S FINAL REPORT AND
APPLICATIONS FOR COMPENSATION
AND DEADLINE TO OBJECT (NFR)

   Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that Peter N. Metrou, Trustee, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

   The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:
   219 S. Dearborn Street
   Chicago, IL  60604

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 21 days from the mailing of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee. A hearing on the fee applications and any objection to the Final Report will be held at 10:00 AM on 07/07/2017 in Courtroom ,
   Joliet City Hall
   150 West Jefferson Street, 2nd Floor
   Joliet, Illinois 60432

If no objections are filed, upon entry of an order on the fee applications, the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed: 06/01/2017              By: /s/ Peter N. Metrou
                                           Chapter 7 Trustee


Peter N. Metrou, Trustee
123 W. Washington St.
Suite 216
Oswego, IL 60543

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re: §
§
§
PROAMERICAN RESTORATION INC., § Case No. 13-37895
§
§
Debtor §

## SUMMARY OF TRUSTEE'S FINAL REPORT
## AND APPLICATIONS FOR COMPENSATION

| | | |
|---|---|---:|
| The Final Report shows receipts of | $ | 30,000.00 |
| and approved disbursements of | $ | 8,369.07 |
| leaving a balance on hand of[1] | $ | 21,630.93 |

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---:|---:|---:|
| Trustee Fees: Peter N. Metrou | $ 3,750.00 | $ 0.00 | $ 3,750.00 |
| Trustee Expenses: Peter N. Metrou | $ 1.68 | $ 0.00 | $ 1.68 |
| Attorney for Trustee Fees: FactorLaw | $ 5,880.00 | $ 5,880.00 | $ 0.00 |
| Attorney for Trustee Expenses: FactorLaw | $ 420.53 | $ 420.53 | $ 0.00 |
| Accountant for Trustee Fees: Kutchins Robbins & Diamond Ltd. | $ 969.00 | $ 0.00 | $ 969.00 |
| Charges: CLERK OF THE COURT | $ 350.00 | $ 0.00 | $ 350.00 |
| Other: The Law Offices of Zane Zielinski, P.C. | $ 1,715.00 | $ 1,715.00 | $ 0.00 |
| Other: The Law Offices of Zane Zielinski, P.C. | $ 5.85 | $ 5.85 | $ 0.00 |

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-NFR (10/1/2010) *(Page: 2)*

| | Total to be paid for chapter 7 administrative expenses | $ 5,070.68 |
|---|---|---|
| | Remaining Balance | $ 16,560.25 |

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 3,300.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 2 | ILLINOIS DEPARTMENT OF REVENUE BANKRUPTCY SECTION | $ 3,300.00 | $ 0.00 | $ 3,300.00 |

| | Total to be paid to priority creditors | $ 3,300.00 |
|---|---|---|
| | Remaining Balance | $ 13,260.25 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 243,715.97 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 5.4 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | AMERICAN BUILDERS AND CONTRACTORS SUPPLY CO., INC. | $ 243,715.97 | $ 0.00 | $ 13,260.25 |

| | Total to be paid to timely general unsecured creditors | $ 13,260.25 |
|---|---|---|
| | Remaining Balance | $ 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

Prepared By: /s/ Peter N. Metrou
Chapter 7 Trustee

*Peter N. Metrou, Trustee*
*123 W. Washington St.*
*Suite 216*
*Oswego, IL 60543*

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.